The People of the State of Illinois ex rel. Oscar Nelson, Auditor of Public Accounts of the State of Illinois, v. State Bank of Victoria.

George Essex, Receiver of Victoria State Bank, Plaintiff in Error, v. C. V. Nelson, Trustee of Mary Ryan Estate, Defendant in Error.

Gen. No. 8,784.

Opinion filed July 6, 1934.

L. FRED O'BRIEN and BURREL BARASH, for plaintiff in error.

NELSON, NEAGLE & GUSTAFSON, for defendant in error.

MR. JUSTICE HUFFMAN delivered the opinion of the court.

The defendant in error was cashier of the State Bank of Victoria, Illinois, for the last 20 years of its business existence. Plaintiff in error took charge of said bank on November 12, 1931, as receiver thereof. Defendant in error was trustee for the Mary Ryan trust estate. In October, 1926, while acting as such trustee and while cashier of said bank, he purchased from the bank, from such trust funds, on behalf of said trust estate, a second mortgage which is designated herein as the Hanson mortgage, paying therefor the sum of $4,534.56. On October 2, 1931, the defendant in error while serving in said above capacities made another transaction between the trust estate and the bank, wherein he claims to have sold to the bank the said Hanson mortgage and note at the same price at which he purchased it; and purchased from the bank in said transaction, notes and mortgages identified as follows: Ray and wife, $850; Huber and wife, $750; Heffernan and wife, $110; Horkstrom and wife, $1,000; and Clifford and wife, $1,585; making a total of $4,295; and credited his trustee account at the bank with the difference of $239.56, which amount still remains on deposit therein to said account. The five notes and

mortgages above mentioned were taken by defendant in error from the files of the bank and placed in other filing boxes maintained by the bank for the use of its customers, where such customers might deposit their private papers for safe-keeping. The Hanson note and mortgage were placed in the files and among the assets of the bank.

Ten days after this transaction the bank suspended business. Plaintiff in error subsequently became the receiver thereof. He found the above Hanson note and mortgage among the assets of the bank, as well as a third Hanson note and mortgage in the sum of $4,700, which last named mortgage has nothing to do with this case. Said receiver, when going through the customers' boxes, found in the box marked with the letters Q. R. S., the five notes and mortgages that are in controversy herein, and which are claimed to have been purchased from the bank by defendant in error as trustee of the Mary Ryan trust estate, by the exchange therefor of the aforesaid Hanson second mortgage. Defendant in error objected to the receiver going through these customers' boxes and demanded possession of the five notes and mortgages. The receiver, upon becoming fully advised and informed regarding the transaction, refused to deliver up same to defendant in error, as trustee.

Following all this and after the receiver and the trustee had had various conversations about the above transaction, the receiver filed his answer in a foreclosure proceeding, wherein the first mortgage was being foreclosed on the Hanson land, upon which the second and third mortgages were held by the receiver. In addition to filing his answer on behalf of the bank as the receiver thereof, he filed his cross-bill in said proceeding, setting up his title and ownership of both the second and third Hanson mortgages, as receiver of said bank, by virtue of the bank's ownership thereof

at the time of its closing; and in that proceeding, the court by its decree determined the rights of the parties and decreed plaintiff in error, as receiver of said bank, to be the owner of the second Hanson mortgage, which is involved herein, and the third Hanson mortgage, with the notes accompanying same.

Following the above proceedings, the receiver brought his petition to the June Term, 1933, of the circuit court of Knox county, setting up his claim to the ownership of the five notes and mortgages as above described, and asked that the court hear evidence regarding same and fix the rights, title, and ownership of said notes and mortgages as between himself and said trustee. The defendant in error answered the said petition and filed his cross petition, claiming the ownership of said securities to be in the trust fund of the Mary Ryan trust estate, and that he was entitled to the possession thereof, as trustee of said estate. The court found the equities to be with the cross petitioner, defendant in error herein, as trustee of the Mary Ryan trust estate, and ordered that plaintiff in error should deliver to defendant in error the aforesaid notes and mortgages. The plaintiff in error has prosecuted this writ of error from the order and decree of the trial court.

The question of the ownership of the Hanson note and mortgage had previously been judicially determined by a final decree of a court of competent jurisdiction, at the instance of plaintiff in error. That was a conclusive and final adjudication of an issue of fact, and is now operative and binding upon the receiver. He could not recognize the exchange as made, and pursuant thereto proceed to establish title and ownership in himself to the Hanson note and mortgage, in a proceeding where that question was necessary of determination, and also be heard to claim ownership of the notes and mortgages taken in exchange therefor.

After such judgment on the merits, the receiver cannot again canvass the same question in another action.

The receiver's ownership of the Hanson note and mortgage arose as a result of one transaction, wherein the trustee exchanged same for the five mortgages and notes now in controversy. The receiver was in full possession of the facts regarding this exchange. He had his election of remedies with respect to determining the ownership of the Hanson note and mortgage, on the one hand, and these notes and mortgages now in controversy, on the other. He elected to establish title to the Hanson note and mortgage, and cannot now be heard to dispute it. Freeman on Judgments, vol. 1, page 932, par. 429. The receiver could not be the legal owner of the Hanson note and mortgage, without title; and with title, he cannot be said to be without ownership. He could not be the owner of both sets of mortgages and notes, because it is undisputed that the Hanson note and mortgage was the property of the Mary Ryan trust, and the five mortgages and notes exchanged therefor, the property of the bank, at the time of such exchange. Therefore, neither the bank nor the receiver could have been the owner of both sets of mortgages and notes. One cannot well be said to own both that given and that taken, in a trade.

Plaintiff in error, with full possession of all the facts, electing to establish title to the Hanson note and mortgage, must be deemed in equity to have recognized the exchange, and he is now foreclosed from claiming title to the mortgages and notes involved herein.

Regardless of any alleged irregularity connected with the original transaction, wherein the defendant in error exchanged the Hanson note and mortgage for those now claimed by the Mary Ryan trust, the plaintiff in error is precluded by his own conduct from

disputing ownership of the Hanson note and mortgage. There is nothing unjust or inequitable in this doctrine; on the contrary, the rule is a beneficial one without which the laws of a civilized world could not be satisfactorily administered.

The order and decree of the circuit court is affirmed.

*Order and decree affirmed.*